UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID KEEZER and SCOTT PASCH a/k/a JAY HENRY SCOTT | CIVIL ACTION |
| Plaintiffs, | NO. 3:13-CV-01191-PGS-TJB |
| v. | |
| ERROL COPILEVITZ, ESQ. and COPILEVITZ-CANTER, LLC | |
| Defendants. | |

**ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANTS
ERROL COPILEVITZ, ESQUIRE AND COPILEVITZ-CANTER, LLC**

Defendants Errol Copilevitz, Esquire and Copilevitz-Canter, LLC ("Answering Defendants"), through their undersigned counsel, hereby file the instant Answer with Affirmative Defenses and state as follows:

**THE PARTIES**

1. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge and information to respond to the allegations in this paragraph, and they are therefore denied.

2. Admitted.

3. Admitted in part; denied in part. It is admitted that Copilevitz-Canter, LLC is a limited liability corporation with its principal place of business and location as indicated. The remaining allegations are denied as characterized.

**FACTS APPLICABLE TO ALL COUNTS OF THE COMPLAINT**

4. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge and information to respond to these allegations, and they are therefore denied.

5. Denied as characterized. Answering Defendants deny Plaintiffs' characterization of the business model.

6. Denied as characterized. Answering Defendants deny Plaintiffs' characterization of the business model.

7. Answering Defendants generally admit the allegations in this paragraph.

8. The allegations in this paragraph are conclusions of law which require no response.

9. Admitted in part; denied in part. It is admitted a Consent Order was signed to resolve the referenced FTC action. The Consent Order speaks for itself, and any characterization thereof is denied. The remaining allegations in this paragraph are denied.

10. Admitted in part; denied in part. It is admitted that Answering Defendants represented CDG at various times following the Consent Order referred to in paragraph 9. However, the extent of Answering Defendants' representation is not alleged with sufficient specificity, and therefore Answering Defendants deny the allegations as vague.

11. Denied as characterized.

12. Denied as characterized.

13. Denied as characterized.

14. Denied. After reasonable investigation, Answering Defendants lack sufficient knowledge and information to respond to these allegations, and they are therefore denied.

15. Admitted in part; denied in part. It is admitted that Answering Defendants were made aware in 2007 that the FTC intended to take action against CDG. It is admitted that Answering Defendants attempted to resolve the matter with the FTC. It is admitted the FTC authorized the United States of America to file the referenced Complaint. The remaining allegations are denied.

16. Admitted in part; denied in part. It is admitted that Answering Defendants represented CDG at various times following the Consent Order referred to in paragraph 9. However, the extent of Answering Defendants' representation is not alleged with sufficient specificity, and therefore Answering Defendants deny the allegations as vague. It is admitted that Lowenstein Sandler P.C. was counsel of record for CDG and Plaintiffs in the Civil Action referenced in paragraph 15. It is denied that Lowenstein Sandler P.C. was "local counsel." It is admitted that the Court granted the informal application of Errol Copilevitz, Esq. to appear as counsel pro hac vice on January 23, 2008, and that a withdrawal of counsel was filed on October 7, 2009. The remaining allegations are denied.

17. Denied. The final judgment in the matter speaks for itself. Any characterization thereof is denied.

### FIRST COUNT

18. Denied.

19. Denied.

WHEREFORE, Answering Defendants Errol Copilevitz, Esquire and Copilevitz-Canter, LLC demand judgment in their favor and against Plaintiffs, with attorneys' fees, interest, costs of suit, and such further relief as the Court deems fit.

## SECOND COUNT

20. Answering Defendants incorporate their answers to all other paragraphs as if fully set forth at length herein.

21. Denied as characterized.

22. Denied as characterized.

23. Denied. To the extent this allegation constitutes a conclusion of law no response is required and it is denied.

24. Denied. To the extent these allegations constitute conclusions of law, no response is required.

WHEREFORE, Answering Defendants Errol Copilevitz, Esquire and Copilevitz-Canter, LLC demand judgment in their favor and against Plaintiffs, with attorneys' fees, interest, costs of suit, and such further relief as the Court deems fit.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred by the applicable statutes of limitations or statutes of repose.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to state claims upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

If the allegations of the Plaintiffs with respect to injury, loss or damage are true, said allegations being specifically denied by Answering Defendants, then Answering Defendants aver that any injury, loss or damage was not the result of any liability producing conduct on their part, but rather the result of liability producing conduct of other entities and/or individuals who may or may not be parties to this lawsuit and over whom Defendants had no control or right or duty control.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred by the doctrine of payment and release, settlement, and/or waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred by the doctrine of *res judicata*.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

Answering Defendants acted in accordance with any and all legal duties owed to Plaintiffs and/or any duties Answering Defendants assumed were transferred to other persons/entities who may or may not be parties to this lawsuit.

### TENTH AFFIRMATIVE DEFENSE

All actions of Answering Defendants complained of in the Complaint were authorized and/or ratified under the representations by Plaintiffs and/or their agents.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred for failure to join indispensable parties.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have sustained no cognizable damages as a result of Answering Defendants' actions.

### THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendants exercised reasonable professional judgment in connection with the matters complained of in the Complaint, and they cannot be liable for any negative consequences that flowed to the Plaintiffs as a result of their reasonable exercise of professional judgment.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are or may be barred by the doctrine of fraud, illegality and/or unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs engaged in all relevant acts with knowledge and at their own free will.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the doctrine of *in pari delicto*.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for damages are or may be barred by the superseding, intervening acts and/or negligence of other parties over whom Answering Defendants had no control and for whom Answering Defendants has no responsibility.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs may have been negligent with respect to the incidents described in the Complaint, and this negligence may serve to bar or limit any recovery of Plaintiffs.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs may have misused and/or abused the PMC model, in a manner in which it was not intended to be used, in a manner which ignored the advice of Answering Defendants, and in a fraudulent manner.  Such, misuse, abuse, and/or fraud may serve to bar or limit any recovery of Plaintiffs.

**TWENTIETH AFFIRMATIVE DEFENSE**

The Plaintiffs could have employed the PMC model in a manner consistent with FTC regulations, and in a manner which would have avoided any legal action by the FTC.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Answering Defendants reserve the right to supplement and amend their answer and affirmative defenses and raise other cross-, counter- and third-party claims as discovery and investigation are ongoing, up to and including the time of trial.

                        **GOLDBERG SEGALLA LLP**

                        */s/ Matthew S. Marrone*
                        Matthew S. Marrone, Esquire
                        Saleel V. Sabnis, Esquire
                        902 Carnegie Center, Suite 100
                        Princeton, NJ  08540
                        (609) 986-1300

                        Attorney for Defendants

                        Dated:  March 20, 2013

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on the 20th day of March, 2013, a copy of the Answer with Affirmative Defenses of Defendants Errol Copilevitz, Esquire and Copilevitz-Canter, LLC was served by electronic service upon the following:

>Glenn A. Bergenfield, Esquire
>Glenn A. Bergenfield, PC
>212 Carnegie Center
>Suite 103
>Princeton, NJ  08540

>*/s/ Matthew S. Marrone*
>Matthew S. Marrone, Esquire
>Goldberg Segalla LLP
>902 Carnegie Center, Suite 100
>Princeton, NJ  08540
>
>Attorneys for Defendants